**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

JOSE MEJIA LEYVA,

Defendant/Petitioner.

Case No. **CV 21-3470 VAP**
(CR 12-1178 VAP)

**Memorandum and Order Denying Motion under 28 U.S.C. Section 2255 and Denying Certificate of Appealibility**

## I.   PROCEEDINGS

Jose Mejia Leyva ("Mejia Leyva" or "Petitioner") filed a Motion "for an Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC §§ 2244(b), 2255(h)" in the Ninth Circuit Court of Appeals.  (Doc. No. 1).  The Circuit Court denied the Motion as unnecessary because Petitioner had not filed any prior § 2255 motion in the district court, ordered the Motion transferred to this district court, and deemed it filed here as of February 2, 2021, the date it was delivered to prison officials for mailing.  (Doc. No. 2). Respondent United States of America ("Respondent") filed its Opposition to the Motion on June 4, 2021.  (Doc. No. 7).  Petitioner did not file a Response to the Opposition.

---

[1] Docket entries in this Order refer to the docket in Case No. CV 21-3470 VAP.  Docket entries in Petitioner's underlying criminal case, Case No. CR 12-1178 VAP, are referred to as "Cr. Doc."

United States District Court
Central District of California

# I. BACKGROUND

After a six day trial, a jury convicted Petitioner on all seven counts of a seven-count Indictment, charging him with violation of 18 U.S.C. §§ 1114(a), 1111, murder of a federal officer; two counts of violation of 18 U.S.C. § 2237(a)(1), (b)(2), failure to heave to; and four counts of violation of 18 U.S.C. § 111(a)(1), (b), assaulting a federal officer with a deadly and dangerous weapon.  (Cr. Doc. No. 16; Cr. Doc. No. 212.)  In brief, the government's case at trial showed that on the night of December 1, 2012, the United States Coast Guard intercepted a vessel preparing to take delivery of a load of marijuana in a panga boat piloted by Petitioner.  (Cr. Doc. No. 1.)  While the Coast Guard arrested the men on the other vessel, Petitioner attempted to hide from the Coast Guard, then sped directly into a boat being used by the Coast Guard to search for the panga.  (*Id*.)  Two Coast Guard crewmembers were thrown into the ocean and struck by the panga's propellers, one fatally.  (*Id.*)  Petitioner fled, but eventually was intercepted by another Coast Guard vessel.  (*Id*.)  Petitioner repeatedly ignored orders to heave to, but finally was apprehended.  (*Id*.)

The Court sentenced Petitioner to a life term in custody on counts 1 and 2; 20 years in custody on counts 4, 5, 6, and 7; and 5 years in custody on count 3, all to be served concurrently.  (Cr. Doc. No. 202.)  Petitioner appealed to the Ninth Circuit Court of Appeals, which affirmed his conviction.  (Cr. Doc. No. 205.)

Petitioner claims he is entitled to relief under section 2255 because in 2019 California enacted Senate Bill 1437, amending California Penal Code sections 188 and 189; that there was instructional error at trial; and that "'the

actual knowledge element required by 18 U.S.C. § 2237(a)(1) must be submitted to the jury and proven beyond a reasonable doubt."  (Doc. No. 1.)

## II.     DISCUSSION

### A.     The Petition is Untimely

Section 2255(f) requires that any motion for relief under that section must be filed within one year "from the date on which the conviction becomes final."  28 U.S.C. § 2255(f)(1).  Petitioner's conviction became final on July 12, 2016, 90 days after entry of the Mandate from the Ninth Circuit Court of Appeal.  (Cr. Doc. No. 206); *Clay v. United States*, 537 U.S. 522, 524 (2003).  Hence, to be timely his Motion must have been filed no later than July 11, 2017; instead, it was filed on February 2, 2021.  Accordingly, it is time-barred and must be dismissed.

To the extent Petitioner is attempting to state a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the claim still would be barred as untimely.  Pursuant to 28 U.S.C. § 2255(f)(3) a claim based on "a right newly recognized by  the Supreme Court and made retroactively applicable to cases on collateral review" must be brought within one year from "the date on which the right asserted was initially recognized by the Supreme Court," *i.e.*, the date of the decision.  *Rehaif* was decided on June 21, 2019, so any claim based on the right recognized in that holding had to be filed no later than June 20, 2020.  Again, this Motion was filed on February 2, 2021, and hence is untimely.  (Doc. No. 1.)

In light of the Petition's untimeliness, the Court does not reach the other bases for its denial advanced by Respondent.  Petitioner's request for appointment of counsel is denied.

United States District Court
Central District of California

### III.     CONCLUSION

For the reasons set forth above, the Court DENIES the Motion.  To the extent Petitioner seeks a certificate of appealability, such request is denied because he has failed to make a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Dated:   7/9/21

Virginia A. Phillips
United States District Judge